HARVEY SNIDE, Respondent, v. DELAWARE & HUDSON RAILROAD CORPORATION, Appellant.—Appeal by defendant from a judgment of the Supreme Court entered in Essex County on June 11, 1952, and from an order denying defendant's motion for a new trial. The judgment is based upon a jury verdict in the amount of $28,000 for personal injuries sustained by plaintiff, allegedly resulting from negligence of defendant. Plaintiff was employed by National Lead Company as a brakeman in connection with the process of moving railroad freight cars, furnished by the defendant, within the yards owned by National Lead Company, for the purpose of loading and weighing the cars. National Lead Company owned some spur railroad tracks connected with defendant's railroad, and used in connection with the operation of its mines at Tahawus, N. Y. By arrangement between National Lead Company and defendant, empty freight cars owned by defendant, were placed by defendant daily in the "upper yard" so-called, of National Lead Company. There was a slight grade from the "upper yard" downward to the loading chutes at the sintering plant of the National Lead Company. It was plaintiff's duty to move three empty cars, coupled together, by gravity from the "upper yard" to the loading chutes, controlling their movement by means of a hand brake on one of the cars. When the cars were loaded with iron ore they were moved by means of an electrically operated cable a short distance to scales, where each car was separately weighed. From the scales to the "lower yard" so-called, the track extended down a grade varying from 1½% to ½%. After the cars were weighed they were started down this grade by the application of a "jack" under a rear wheel, and it was plaintiff's duty to control their movement by means of a hand brake on one of the cars down to the "lower yard", where they would be picked up and hauled by defendant. On the night in question, plaintiff had lowered three empty cars from the "upper yard" to the loading chutes, controlling their movement by operating the hand brake on the last car. After the loading and weighing operations, plaintiff mounted the second or middle car to control the movement of the three cars to the "lower yard". When the cars had proceeded about twenty-five feet from the scales plaintiff noticed that the first car had separated from the other two, although he "supposed" they were coupled together. He thereupon descended to the ground and ran alongside, overtaking the first car, which was then proceeding from one and one-half to three miles per hour. He mounted the platform of the first car and applied the hand brake by turning the wheel clockwise. In the meantime the two rear cars had "caught up with" the first car, and presumably their momentum also had to be checked. Before plaintiff could stop the cars, the car upon which he was riding collided with other stationary cars which had previously been placed in the "lower yard", and plaintiff was thrown from the car and sustained his injuries. The only negligence asserted against defendant is that the car which plaintiff was riding was equipped with

defective braking equipment which failed to properly operate. There is no evidence in the record of any detailed inspection of the brakes on this car and no evidence of any specific defect or inadequacy. Plaintiff urges that there is sufficient evidence of failure to function, and that this establishes defectiveness. The only evidence in the record on this subject is this testimony of plaintiff: "I applied the brake. I applied it as tight as I could apply it, and it still wouldn't stop the car. Then I hit those other cars in the yard." From this meagre evidence the jury has necessarily found that the brakes were defective. The record does not disclose the distance involved between the point where the brake was applied and the point of collision, nor does it disclose whether the application of the brakes reduced the speed of the cars. For aught that appears in the record plaintiff may have meant by his testimony that the brakes would not stop the cars instantly. The record is likewise barren of any evidence as to the normal distance required to stop a heavily loaded freight car, or three of them, on a grade, by means of a hand brake which was adequate and sufficient. To base defectiveness upon failure to function the burden is upon the plaintiff to establish that the "failure" was something more and beyond normal operation, and that the cars could have been stopped before the collision under the circumstances present if properly equipped. Whether the Federal Safety Appliance Act applies will depend upon the facts developed upon the second trial. On the record before us we think the verdict is clearly against the weight of evidence. Judgment and order are reversed, on the law and facts, and a new trial ordered, with costs to abide the event. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.